Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
|---|
| **APRIL 2025**    03638 |
| E-Filing Number: 2504067449 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| GREGG BRADSHER | SEGWAY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 6012 W. OXFORD STREET<br>PHILADELPHIA PA 19151 | CT CORPORATION 1209 ORANGE STREET<br>WILMINGTON DE 19801 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  | AMAZON.COM SERVICES LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  | 440 TERRY AVE. NORTH<br>SEATTLE WA 98109 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement<br>[X] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>APR **29** 2025<br><br>**B. BALILONIS** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GREGG BRADSHER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MATTHEW GALLAGHER | 547 E WASHINGTON AVENUE<br>NEWTOWN PA 18940 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)550-6553 | (215)550-6557 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 316086 | mgallagher@swartzculleton.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *MATTHEW GALLAGHER* | Tuesday, April 29, 2025, |

**EXHIBIT**

A

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS

By: Matthew E. Gallagher, Esquire
Identification No. 316086
mgallagher@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorney for Plaintiff,
Gregg Bradsher

*Filed and Attested by the Office of Judicial Records 29 APR 2025 04:13 pm E. BALILONTS*

| | | |
|---|---|---|
| GREGG BRADSHER<br>6012 W. Oxford Street<br>Philadelphia, PA 19151 | : <br> : <br> : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| *Plaintiff* | : <br> : | _____ TERM, 2025 |
| vs. | : <br> : | NO. |
| SEGWAY, INC.<br>CT Corporation<br>1209 Orange Street<br>Wilmington, DE 19801<br>-and-<br>AMAZON.COM SERVICES LLC<br>440 Terry Ave. North<br>Seattle, WA 98109 | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| *Defendants* | : | |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
1101 Market Street #11
Philadelphia, PA 19107
Tel: 215-238-6300

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELPHIA COUNTY
SERVICO DE REFERENCIA E INFORMACION LEGAL
1101 Market Street #11
Philadelphia, PA 19107
Tel: 215-238-6300

1

Case ID: 250403638

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS    Attorney for Plaintiff,
By: Matthew E. Gallagher, Esquire    Gregg Bradsher
Identification No. 316086
mgallagher@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

| | | |
|---|---|---|
| GREGG BRADSHER | : | COURT OF COMMON PLEAS |
| 6012 W. Oxford Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19151 | : | |
| *Plaintiff* | : | _____ TERM, 2025 |
| | : | |
| vs. | : | NO. |
| | : | |
| SEGWAY, INC. | : | |
| CT Corporation | : | |
| 1209 Orange Street | : | |
| Wilmington, DE 19801 | : | |
| -and- | : | |
| AMAZON.COM SERVICES LLC | : | |
| 440 Terry Ave. North | : | **JURY TRIAL DEMANDED** |
| Seattle, WA 98109 | : | |
| *Defendants* | : | |

## CIVIL ACTION COMPLAINT

1.  Plaintiff, Gregg Bradsher, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2.  Defendant, Segway, Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Delaware, with a registered agent for service, CT Corporation, located at the above-captioned address.

3.  Defendant, Amazon.com Services LLC, was and is now a business entity, believed to be a limited liability company, duly organized and existing under the laws of the State of Delaware, with a principal place of business and corporate headquarters located at the above-captioned address.

2

Case ID: 250403638

4.    Venue is proper in Philadelphia County because one or more of the Defendants regularly and continuously conducts business in Philadelphia County and because the incident giving rise to Plaintiff's claims occurred in Philadelphia County.

5.    At all times relevant hereto, Defendants acted by and through their trustees, directors, agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendants.

6.    At all times relevant hereto, Defendants, by and through their employees, agents, servants, workmen, and/or other representatives, were regularly engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing, packaging, labeling and/or providing safety recommendations for products such as the subject Segway Ninebot MAX G30LP Electric Kick Scooter, and their component parts, including the handlebars, stem, folding mechanism, and all instruction manuals and associated warnings.

7.    On or about May 1, 2023, Plaintiff, Gregg Bradsher, was operating the subject Segway Ninebot MAX G30LP Electric Kick Scooter near 300 S. 17th Street, Philadelphia, PA 19103, when, suddenly and without warning, the handlebars collapsed while he was descending a downhill curve, causing him to lose control of the scooter and, in an effort to arrest his forward momentum by planting his right foot, the folding mechanism gave way under the combined load of the moving scooter and Plaintiff.

8.    As a result, the scooter crashed and Plaintiff fell, thereby causing him to sustain various severe and permanent bodily injuries and losses as more fully set forth hereinafter.

3

Case ID: 250403638

9.    On or about March 21, 2025, Plaintiff received a recall notice from Defendant, Amazon.com Services LLC, regarding a potential malfunction in the scooter's folding mechanism that could cause the handlebars to collapse during use.

10.    The subject Segway Ninebot MAX G30LP Electric Kick Scooter was designed, manufactured, assembled, tested, inspected, marketed, sold, and/or distributed by the Defendants. Prior to the time of Plaintiff's accident, the subject scooter was purchased new and was in the same condition at the time of Plaintiff's accident as it was when it left Defendants' hands, undergoing no subsequent alterations or modifications.

## COUNT I
## GREGG BRADSHER v. SEGWAY, INC.
## PRODUCTS LIABILITY – STRICT LIABILITY

11.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though same were fully set forth at length herein.

12.    Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014).  More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

13.    Defendant Segway, Inc. designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced,

4

Case ID: 250403638

inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforementioned Segway Ninebot MAX G30LP Electric Kick Scooter, including all instruction manuals and associated warnings, which caused Plaintiff's accident and injuries.

14. The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, and/or sale of the aforesaid product and its component parts.

15. Defendant Segway, Inc. is strictly liable to Plaintiff as follows:

(a) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b) designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts with a fundamentally unsafe folding mechanism and overall design, even though safer and feasible alternative designs existed and were later implemented in successor models, which would have prevented the handlebar collapse and Plaintiff's injuries;

(c) failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d) failing to properly equip the subject electric scooter and its component parts with durable and reliable parts, such as an adequate reinforced locking mechanism, to prevent the handlebars from collapsing during use and causing the accident that led to Plaintiff's injuries;

(e) failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service,

5

Case ID: 250403638

inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(f)     failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to prevent the handlebar collapse in the normal, reasonable, and ordinary use of the product;

(g)     creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h)     failing to ensure that the subject electric scooter was safe and free from hidden defects;

(i)     failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric scooter;

(j)     failing to ensure that the subject electric scooter and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(k)     failing to warn purchasers and end users of the dangers of the subject product;

(l)     failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject product, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(m)     vicarious liability as an apparent manufacturer of the subject electric scooter pursuant to the Restatement (Second) of Torts §400; and

(n)     any other acts or omissions that may be revealed during discovery and/or trial of this case.

16.     The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

6

Case ID: 250403638

17. At all times relevant hereto, Defendant's aforesaid product and its component parts were defective and unsafe for consumer use.

18. At all times relevant hereto, there were latent defects in the Defendant's aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

19. The Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

20. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

21. In addition, Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the subject product with defective warnings and instructions in violation of Restatement (Second) of Torts §402(B).

22. In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

23. The defective warnings and instructions caused Plaintiff's injuries.

7

Case ID: 250403638

24.     Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

25.     In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendant's name and/or trademark.

26.     Defendant labeled the subject product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product.

27.     As such, Defendant could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own product.

28.     Defendant is therefore subject to the same liability as though it was the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

29.     As a result of the aforementioned conduct of the Defendant, Plaintiff has suffered severe and permanent injuries, including but not limited to, fractured right ankle, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

30.     As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

8

Case ID: 250403638

31. As a result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

32. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

33. Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

34. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

35. As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

36. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Segway, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 250403638

## COUNT II
## GREGG BRADSHER v. SEGWAY, INC.
## PRODUCTS LIABILITY - NEGLIGENCE

37.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

38.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid product and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

39.    The Defendant was negligent in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the defectively designed and manufactured product and its component parts, which consisted of the following:

(a)    carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b)    carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts with a fundamentally unsafe folding mechanism and overall design, even though safer and feasible alternative designs existed and were later implemented in successor models, which would have prevented the handlebar collapse and Plaintiff's injuries;

10

Case ID: 250403638

(c)    carelessly and negligently failing to implement a safe system for ensuring the subject electric scooter and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

(d)    carelessly and negligently failing to recognize the inherent possibility that the subject electric scooter and its component parts could malfunction and/or fail;

(e)    carelessly and negligently failing to properly equip the subject electric scooter and its component parts with proper safety equipment and/or mechanisms, such as an adequate reinforced locking mechanism or durable parts, to prevent the handlebars from collapsing during use and causing the accident described above, which caused Plaintiff's injuries;

(f)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)    failing to exercise the requisite degree of care and caution in design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric scooter and its component parts;

(h)    failing to ensure that the subject electric scooter and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(i)    failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to prevent the handlebars from collapsing in the normal, reasonable and ordinary use of the product;

(j)    failing to warn purchasers and end users of the dangers of the subject electric scooter and its component parts;

(k)    failing to properly and adequately test the subject electric scooter and its component parts;

(l)    failing to properly and adequately inspect the subject electric scooter and its component parts prior to listing it for sale online or in stores;

11

Case ID: 250403638

(m)    failing to recall or otherwise remove from retail the subject electric scooter because of its defective and dangerous condition prior to Plaintiff's accident;

(n)    failing to ensure that the subject electric scooter and its component parts were safe and free from hidden defects;

(o)    failing to identify and correct dangerous and defective conditions in the subject electric scooter and its component parts;

(p)    failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject electric scooter, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(q)    Embossing, affixing and/or otherwise labeling the subject electric scooter and its component parts with Defendant's name and/or trademark;

(r)    allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(s)    allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as promoting the public's use of the product;

(t)    allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or promoted and/or marketed and/or sold with Defendant's name and/or trademark which caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(u)    vicarious liability as an apparent manufacturer of the subject electric scooter pursuant to the Restatement (Second) of Torts Section 400;

(v)    otherwise failing to use due care and caution under the circumstances; and

(w)    such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

12

Case ID: 250403638

40. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

41. As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Segway, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## GREGG BRADSHER v. SEGWAY, INC.
## BREACH OF WARRANTY

42. Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

43. By virtue of the design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject electric scooter and its component parts for use by an end consumer, Defendant warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

44. The subject electric scooter, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

13

Case ID: 250403638

45.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

46.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Segway, Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT IV
### GREGG BRADSHER v. AMAZON.COM SERVICES LLC
### PRODUCTS LIABILITY – STRICT LIABILITY

47.     Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though same were fully set forth at length herein.

48.     Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d, 399 (Pa. 2014). More specifically, the Defendant designed, manufactured, apparently manufactured, sold and/or placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

14

Case ID: 250403638

49.    Defendant Amazon.com Services LLC designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforementioned electric scooter, including all instruction manuals and associated warnings, and by packaging, labeling, and directly fulfilling the product under its own name, which caused Plaintiff's accident and injuries.

50.    The accident described herein was caused solely and exclusively by Defendant's defective design, assembly, manufacture, apparent manufacture, licensing, marketing, and/or sale of the aforesaid product and its component parts.

51.    Defendant Amazon.com Services LLC is strictly liable to Plaintiff as follows:

(a)    designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

(b)    designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts with a fundamentally unsafe folding mechanism and overall design, even though safer and feasible alternative designs existed and were later implemented in successor models, which would have prevented the handlebar collapse and Plaintiff's injuries;

(c)    failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to include an effective and durable safeguard and/or other mechanism to prevent the accident described above which caused Plaintiff's injuries;

(d)    failing to properly equip the subject electric scooter and its component parts with durable and reliable parts, such as an adequate reinforced

15

Case ID: 250403638

locking mechanism, to prevent the handlebars from collapsing during use and causing the accident that led to Plaintiff's injuries;

(e)    failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to adequately warn users of the potential for the type of accident described above which caused Plaintiff's injuries;

(f)    failing to properly design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to prevent handlebar collapse in the normal, reasonable, and ordinary use of the product;

(g)    creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(h)    failing to ensure that the subject electric scooter was safe and free from hidden defects;

(i)    failing to properly inspect, test, identify and correct dangerous and defective conditions in the subject electric scooter;

(j)    failing to ensure that the subject electric scooter and its component parts could be used in a manner which would not cause a danger to potential ordinary consumers of the product, such as the Plaintiff;

(k)    failing to warn purchasers and end users of the dangers of the subject product;

(l)    failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject product, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(m)    vicarious liability as an apparent manufacturer of the subject electric scooter pursuant to the Restatement (Second) of Torts §400; and

(n)    any other acts or omissions that may be revealed during discovery and/or trial of this case.

16

Case ID: 250403638

52.     The accident described herein was due in no manner to any negligence, wrongdoing or product misuse on the part of the Plaintiff.

53.     At all times relevant hereto, Defendant's aforesaid product and its component parts were defective and unsafe for consumer use.

54.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid product and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

55.     The Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the aforesaid product and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

56.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

57.     In addition, Defendant designed, developed, manufactured, apparently manufactured, distributed, marketed, sold, assembled, maintained, tested, repaired, serviced, inspected, installed, licensed and/or provided safety recommendations for and/or placed into the stream of commerce the subject product with defective warnings and instructions in violation of Restatement (Second) of Torts §402(B).

58.     In that regard, the warnings and instructions were not adequately durable, visible or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid product and its component parts, such as the Plaintiff.

17

59.     The defective warnings and instructions caused Plaintiff's injuries.

60.     Furthermore, Defendant is liable and/or vicariously liable to Plaintiff as an apparent manufacturer of the subject product pursuant to the Restatement (Second) of Torts §400.

61.     In that regard, the subject product involved in Plaintiff's accident was packaged, embossed, affixed and/or otherwise labeled with Defendant's name and/or trademark.

62.     Defendant labeled the subject product and/or allowed the subject product to be labeled and sold with its name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product.

63.     As such, Defendant could reasonably expect end users and consumers to purchase the subject product in reliance upon the reputation associated with Defendant's name and Defendant put out the subject product as its own product.

64.     Defendant is therefore subject to the same liability as though it was the actual manufacturer of the subject product pursuant to the apparent manufacturer doctrine and Restatement (Second) of Torts §400 and is vicariously liable for causing Plaintiff's injuries and damages.

65.     As a result of the aforementioned conduct of the Defendant, Plaintiff has suffered severe and permanent injuries, including but not limited to, fractured right ankle, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system.

66.     As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to engage in his usual activities, all to his great detriment and loss.

18

Case ID: 250403638

67.     As a result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

68.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

69.     Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

70.     As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

71.     As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

72.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Amazon.com Services LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

19

Case ID: 250403638

## COUNT V
## GREGG BRADSHER v. AMAZON.COM SERVICES LLC
## PRODUCTS LIABILITY - NEGLIGENCE

73.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

74.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the aforesaid product and its component parts, and to license, market, promote, sell and/or distribute that product in a reasonably safe condition.

75.    The Defendant was negligent in designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the defectively designed and manufactured product and its component parts, which consisted of the following:

    (a)    carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts in a dangerous and defective condition so as to cause injury to the Plaintiff;

    (b)    carelessly and negligently designing, developing, manufacturing, apparently manufacturing, distributing, marketing, promoting, selling, assembling, maintaining, testing, repairing, servicing, inspecting, installing, licensing and/or providing safety recommendations for the subject electric scooter and its component parts with a fundamentally unsafe folding mechanism and overall design, even though safer and feasible alternative designs existed and were later implemented in successor models, which would have prevented the handlebar collapse and Plaintiff's injuries;

20

Case ID: 250403638

(c)     carelessly and negligently failing to implement a safe system for ensuring the subject electric scooter and its component parts could be used safely by ordinary consumers of the product, such as the Plaintiff;

(d)     carelessly and negligently failing to recognize the inherent possibility that the subject electric scooter and its component parts could malfunction and/or fail;

(e)     carelessly and negligently failing to properly equip the subject electric scooter and its component parts with proper safety equipment and/or mechanisms, such as an adequate reinforced locking mechanism or durable parts, to prevent the handlebars from collapsing during use and causing the accident described above, which caused Plaintiff's injuries;

(f)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)     failing to exercise the requisite degree of care and caution in design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or providing safety recommendations for the subject electric scooter and its component parts;

(h)     failing to ensure that the subject electric scooter and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(i)     failing to design, develop, manufacture, apparently manufacture, distribute, market, promote, sell, assemble, maintain, test, repair, service, inspect, install, license and/or provide safety recommendations for the subject electric scooter and its component parts to prevent the handlebars from collapsing in the normal, reasonable and ordinary use of the product;

(j)     failing to warn purchasers and end users of the dangers of the subject electric scooter and its component parts;

(k)     failing to properly and adequately test the subject electric scooter and its component parts;

(l)     failing to properly and adequately inspect the subject electric scooter and its component parts prior to listing it for sale online or in stores;

21

Case ID: 250403638

(m)     failing to recall or otherwise remove from retail the subject electric scooter because of its defective and dangerous condition prior to Plaintiff's accident;

(n)     failing to ensure that the subject electric scooter and its component parts were safe and free from hidden defects;

(o)     failing to identify and correct dangerous and defective conditions in the subject electric scooter and its component parts;

(p)     failing to take timely action to warn end consumers or otherwise remedy the defective design, development, manufacture, apparently manufacture, distribution, marketing, promotion, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject electric scooter, which was or should have been known to Defendant prior to the date of Plaintiff's accident;

(q)     embossing, affixing and/or otherwise labeling the subject electric scooter and its component parts with Defendant's name and/or trademark;

(r)     allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as the apparent and/or actual manufacturer of the product;

(s)     allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or marketed and/or sold with Defendant's name and/or trademark which readily identified Defendant as promoting the public's use of the product;

(t)     allowing the subject electric scooter and its component parts to be embossed, affixed and/or labeled and/or promoted and/or marketed and/or sold with Defendant's name and/or trademark which caused end users of the product, such as Plaintiff, to associate the product with Defendant's reputation;

(u)     vicarious liability as an apparent manufacturer of the subject electric scooter pursuant to the Restatement (Second) of Torts Section 400;

(v)     otherwise failing to use due care and caution under the circumstances; and

(w)     such other acts or omissions constituting negligence as shall become evident during the course of discovery or trial of this case.

Case ID: 250403638

76.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence, wrongdoing or product misuse on the part of the Plaintiff.

77.    As a result of the aforementioned negligence of the Defendant, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Amazon.com Services LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VI
## GREGG BRADSHER v. AMAZON.COM SERVICES LLC
## BREACH OF WARRANTY

78.    Plaintiff hereby incorporates by reference the foregoing paragraphs of the within Complaint as though the same were fully set forth at length herein.

79.    By virtue of the design, development, manufacture, apparently manufacture, distribution, marketing, sale, assembly, maintenance, testing, repair, service, inspection, installation, licensing and/or safety recommendations of the subject electric scooter and its component parts for use by an end consumer, Defendant warranted to Plaintiff that the subject product was safe, merchantable and fit for its intended use.

80.    The subject electric scooter, in fact, was not safe, merchantable or fit for the ordinary purposes for which it was intended to be used, in that it was defective and unreasonably dangerous, rendering it unsafe for the foreseeable uses for which it was designed and licensed. Plaintiff was a foreseeable user of the subject product and could reasonably be expected to be injured by the subject product.

23

Case ID: 250403638

81.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

82.    As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-nine (29) through thirty-six (36) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gregg Bradsher, demands judgment in his favor and against Defendant, Amazon.com Services LLC, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully Submitted,

**SWARTZ CULLETON FERRIS** TRIAL LAWYERS

By:    /s/ Matthew E. Gallagher
       Matthew E. Gallagher, Esquire
       Attorney for Plaintiff,
       Gregg Bradsher

Date:  April 29, 2025

24

Case ID: 250403638

Docusign Envelope ID: E694636F-477E-40B7-A909-FF7F4C271172

Case 2:25-cv-02782-JMY    Document 1-3    Filed 05/30/25    Page 26 of 28

# VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Signed by:

D81878B80F23487... _____

Case ID: 250403638

# Affidavit / Return of Service

| **Plaintiff:** | GREGG BRADSHER | **Court Term & No.:** 250403638 |
|---|---|---|
| | | E-File# 2504069927 |
| **Defendant:** | SEGWAY INC | **Document Served:**<br> Plaintiff's Complaint |
| **Serve at:** | CT CORPORATION 1209 ORANGE STREET | **Company Reference/Control No.:** |

Served and Made Known to SEGWAY INC on 04/30/2025 at 01:40 PM, in the manner described below:

Agent or person in charge of Party's office or usual place of business. NAME: ROBIN HUTTBANKS

| Description | Age: | Height: | Weight: | Race: | Sex: |
|---|---|---|---|---|---|
| | 50 | 5' 6" | 130 lbs. | Black | Female |
| | **Other:** INTAKE SPECIALIST | | | | |

| **Company Profile:** | **Name of Server:** CHRIS LATTMANN |
|---|---|
| CHRIS LATTMANN<br>123 S 22ND ST<br>PHILADELPHIA PA 19103<br>PHONE: (800)796-4147 | Being duly sworn according to law, deposes and says that he/she is process server herein names; and that the facts herein set forth above are true and correct to the best of their knowledge, information and belief. |
| | **Deputy Sheriff:** |

**FILED AND ATTESTED PRO-PROTHY 30 APR 2025 02:50 PM**

\\zdrafsrv 12/8/11

# AFFIDAVIT OF SERVICE

LawServe LLC, 123 South 22nd Street, Philadelphia, PA 19103

| Plaintiff **GREGG BRADSHER** | COURT NAME **Philadelphia Court of Common Pleas** | Docket Number 250403638 |
|---|---|---|
| Defendant **SEGWAY, INC. and AMAZON.COM SERVICES LLC** | DOCUMENT TO BE SERVED **Civil Cover Sheet, Notice to Defend, Verification** | |

Filed and Attested by the Office of Judicial Records 05 MAY 2025 08:06 am L. BREWINGTON

SERVE → AT {

INDIVIDUAL, COMPANY, CORPORATION, ETC., TO BE SERVED:
**AMAZON.COM SERVICES LLC**

c/o Coproration Service Company, 300 Deschutes Way SW, Suite 208, Tumwater, WA 98501

| ATTORNEY FOR PLAINTIFF | | INTERNAL CASE # |
|---|---|---|
| Matthew E. Gallagher, Esquire SWARTZ CULLETON FERRIS 547 E. Washington Avenue Newtown, PA 18940 | Phone: (215) 550-6553 Fax: (215) 550-6557 Email: | GREGG BRADSHER |

**Andrew Webster**, hereby certifies in accordance with law that he did **serve** upon above named Defendant a true and correct copy of the above-captioned on **May 1, 2025** at **2:29 PM** in the following manner:

[ ] Party(s) personally served.
[ ] Adult family member with whom said Party(s) reside(s)
[ ] Adult in charge of Party's residence who refused to give name or relationship.
[ ] Adult person in charge of Party's residence.
[ ] Manager / Clerk of place of lodging in which Party(s) reside(s).
[X] Agent or person in charge of Party(s) office or usual place of business. **ELLEN JONES, CUSTOMER SERVICE ASSOCIATE**
_____ an officer of said Party(s) company.
[ ] POSTED
Comments:

83864

Description (if required):
Sex: **Female**    Age: **51 - 65 Yrs.**    Height: **5' 6"**    Weight: **120 Lbs.**    Skin: **White**    Hair: **Brown**
On the
Party not found because: ( ) Moved   ( ) Unknown   ( ) Vacant   ( ) Other   ( ) No Response

Notary Public
State of Washington
JULIE SIEGER
License #114689
My Commission Expires
September 1, 2025

I certify the foregoing to be true and correct.
SWORN TO AND SUBSCRIBED:
Before me this ___3___ day of May 2025

_____
Notary Public

SIGNATURE
_____
**Andrew Webster**
PRINT NAME

Client ID: GREGG BRADSHER
5:52:26 PM

Case ID: 250403638